THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NEYZA CRUZ-CEDENO,** *et. al.*

    **Plaintiffs,**

    v.

**HIMA SAN PABLO BAYAMON,** *et al.*,

    **Defendants.**

**Civil No. 19-1477 (ADC)**

**OPINION AND ORDER**

Before the Court is Dr. Fernando Vega-Moral's ("Dr. Vega") motion for summary judgment and accompanying statement of uncontested material facts. **ECF Nos. 25, 26**. Plaintiffs opposed. **ECF No. 39**. For the following reasons, Dr. Vega's motion for summary judgment is **GRANTED**.

I.    **Procedural Background**

On May 20, 2019, plaintiffs filed a complaint in this Court based on diversity jurisdiction, seeking damages for alleged medical malpractice against various defendants, including Dr. Vega. **ECF No. 1.** Essentially, plaintiffs[1] allege that the death of minor Isaí Vázquez-Cruz was a result of defendants' negligent medical care. Summons were duly issued, and defendants filed their respective answers to the complaint. **ECF Nos. 6, 16, 17, 19**. On October 11, 2019, Dr. Vega filed his answer to the complaint, denying liability, and asserting various affirmative defenses including lack of jurisdiction. **ECF No. 16**.

---

[1] The minor's parents, aunt and uncle are plaintiffs in this case.

On August 14, 2020, Dr. Vega filed the instant motion for summary judgment arguing that plaintiffs' claims are time barred. **ECF No. 25**. Dr. Vega's motion, however, fails to properly develop his arguments regarding timeliness, aside from noting that the alleged negligent acts occurred on October 25, 2016 and plaintiffs filed a claim in state court in November 30, 2017, after expiration of the one year statute of limitations set forth by Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §5141.

In opposition, plaintiffs argue that, as asserted in their complaint, the statute of limitations was tolled by the filing of the state court case. **ECF No. 39**. They further contend that Dr. Vega's motion is devoid of any developed argumentation regarding timeliness as well as documentary evidence to support his proposed statements of uncontested facts. As such, his unsupported propositions should be disregarded by this Court.

## II. Undisputed Facts[2]

1. On October 25, 2016 minor Isaí Vázquez Cruz was taken to the Toa Alta CDT by his parents.

---

[2] The following facts are derived from Dr. Vega's statement of uncontested material facts (SUMF) and plaintiffs' response to the SUMF. **ECF Nos. 26, 39-1**. As plaintiffs correctly point out, Dr. Vega failed to submit Exhibits II-VI despite citing them in support of most of his proposed statements of fact. He also failed to submit the complaint filed in the state court case despite citing it as Exhibit I. Instead, Exhibit I consists of Dr. Vega's statement under penalty of perjury. Accordingly, this Court deems as uncontested only those facts admitted by plaintiffs or properly supported by the record, *i.e.* Dr. Vega's unsworn statement. Furthermore, this Court takes judicial notice of the date of the filing and dismissal of a state court case by plaintiff Neyza Cruz-Cedeño *et al* against HIMA San Pablo Bayamón *et al*, as it appears in the Commonwealth Court's electronic case database. The Commonwealth's database, however, does not provide detailed information as to the parties involved or the claims raised aside from a general description of "medical malpractice." HIMA San Pablo Bayamón has not moved for dismissal in this case.

2. That same day, the minor was transferred from the Toa Alta CDT to Hospital HIMA San Pablo.

3. According to Dr. Vega's notes, the minor arrived with tonic clonic movements and dilated pupils, increased heart rate, decreased oxygen saturation, and he was not responding.

4. Pursuant to the nurse's notes, per Dr. Vega's orders, the minor was sent for a head CT.

5. At 7:10am, the minor's transfer note was signed by Dr. Vega.

6. On October 25, 2016, at 10:55 a.m., the minor was declared dead.

7. On November 30, 2017, plaintiffs filed a complaint in the Court First Instance of Puerto Rico, Bayamón Part, case number DDP2017-0627.[3]

8. Dr. Vega was not served with summons in the state court case.

9. On May 17, 2018, the state court entered judgment dismissing the case without prejudice. The state court judgment was notified to the parties on May 21, 2018.[4]

10. The instant case was filed on May 20, 2019.

11. The summons as to the appearing party were issued on July 31, 2019.

---

[3] The Court takes judicial notice of this fact since Dr. Vega's proposed statement is not supported by the record. Namely, he failed to submit the complaint filed in the state court, despite including a citation to "Exhibit I". Additionally, the dates of the filing and dismissal of the state court case are included in the complaint. **ECF No. 1;** *see* note 1.

[4] The Court takes judicial notice of this fact since Dr. Vega's proposed statement is not supported by the record. Namely, he failed to submit the state court's judgment dismissing the case, despite including a citation to "Exhibit V". Additionally, the dates of the filing and dismissal of the state court case are included in the complaint. **ECF No. 1;** *see* note 1.

### III.   Legal Standard

"Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Delgado Echevarría v. AstraZeneca Pharm. LP*, 856 F.3d 119, 126 (1st Cir. 2017) (quoting *Ameen v. Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 68 (1st Cir. 2015)); *see also* Fed. R. Civ. P. 56(a). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (citation and internal quotation marks omitted). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, *id.*, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed," *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). All reasonable inferences are drawn in favor of the non-moving party. *Collazo-Rosado v. University of P.R.*, 765 F.3d 86, 92 (1st Cir. 2014). Nevertheless, facts not properly controverted in accordance with Local Civil Rule 56 "shall be deemed admitted." *Puerto Rico Am. Ins. Co. v. Rivera-Vázquez*, 603 F.3d 125, 130–31 (1st Cir. 2010).

Additionally, "[i]t is a black-letter rule that state substantive law supplies the rules of decision for a federal court sitting in diversity jurisdiction." *Lexington Ins. Co. v. General Accident Ins. Co. of Am.*, 338 F.3d 42, 46 (1st Cir. 2003); *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 215 n.2 (1st Cir. 2016). Article 1802 of the Civil Code—Puerto Rico's general tort statute—provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws. Ann. tit. 31, § 5141.

Article 1868 of the Puerto Rico Civil Code establishes a one-year statute of limitations for tort actions, including medical malpractice cases, commencing "from the time the aggrieved person had knowledge" of the injury. P.R. Laws Ann. tit. 31, § 5298. The clock starts ticking "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." *López-Rivera v. Hosp. Auxilio Mutuo, Inc.*, 290 F. Supp. 3d 137, 143 (D.P.R. 2017) (citing *Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 3 (1st Cir. 1998) (internal citations omitted); *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 216 (D.P.R. 2017). The statute of limitations, or "extinctive prescription," under Commonwealth law is considered a substantive and not a procedural matter. *Alejandro-Ortiz v. PREPA*, 756 F.3d 23, 27 (1st Cir. 2014).

The statute of limitations for a tort action may be tolled under appropriate circumstances. P.R. Laws Ann. tit., 31 § 5303 ("Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt

by the debtor."). "Although prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff." *Tokyo Marine*, 142 F.3d at 4. Once a claim is successfully interrupted, the "full period begins to run again." *Id*. "Under Puerto Rico law, the filing of a lawsuit tolls the limitations period." *Rodríguez v. Municipality of San Juan*, 659 F.3d 168, 173 (1st Cir. 2011). Moreover, "if a case is filed and dismissed without prejudice, the clock is reset to zero and begins to run on the date of dismissal." *López-Rivera*, 290 F. Supp. 3d at 143.

IV.   Analysis

Dr. Vega's request for summary judgment is based on plaintiff s' alleged failure to timely file the malpractice claims against him within the one-year statute of limitations provided by Article 1868. There is no controversy that the injury in this case took place on October 25, 2016 when the minor received the alleged negligent medical treatment and died. As of that date, plaintiffs had knowledge of the injury as well as the persons who caused it.[5] Therefore, the statute of limitations began to run on October 25, 2016.

Considering the above, a perfunctory review of the pleadings could lead this Court to conclude that plaintiffs' federal claims, filed on May 20, 2019, are time-barred. Per the parties'

---

[5] At footnote 1, plaintiffs concede that "for purposes of this discussion, it will be deemed that the statute of limitations did in fact start as of the date of the child's demise," while at the same time asserting that this fact is contested. When "a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." *Alejandro-Ortiz v. P.R. Elec. Power Auth.*, 756 F.3d 23, 27 (1st Cir. 2014). Plaintiffs do not properly argue in their opposition or provide any averments of facts properly supported by evidence showing that there is a material controversy of fact as to when they had knowledge of the identity of the tortfeasors.

admissions, on November 30, 2017, plaintiffs filed a complaint in the Court First Instance of Puerto Rico, Bayamón Part, case number DDP2017-0627.[6] Plaintiffs' state court claims were dismissed on May 17, 2018 and the judgment was notified on May 21, 2018.

Dr. Vega first contends that the state court complaint was filed after the one-year statute of limitations expired, precluding any tolling effect on the filing of the federal suit. In opposition, plaintiffs argue that the state court complaint was timely filed and tolled the statute of limitations, which began to run once again from the date of its dismissal, that is May 21, 2018. Consequently, they proffer that their federal complaint was timely filed.

At the outset, as plaintiffs correctly points out, after the passing of Hurricane María in September 20, 2017, the Puerto Rico Supreme Court issued an Administrative Order *In re: Extension of all deadlines as a result of Hurricane María*, 2017 TSPR 175, stating that all deadlines set to expire on September 19, 2017 and during the state of emergency thereafter would be extended until December 1, 2017. *See* **ECF No. 42-1**. Accordingly, plaintiffs timely filed their state court complaint on November 30, 2017. Upon the state court complaint's dismissal on May 21, 2018, the one-year statute of limitation began to run anew. As such, the instant complaint, filed on May 20, 2019, was filed within the one-year statute of limitations. This does not, however, end our inquiry.

Albeit in a poorly developed argument, Dr. Vega also proffers that the filing of the state court complaint did not toll the statute of limitations as to any claims against him since he was

---

[6] These facts are gleaned from the complaint's jurisdictional pleadings as well as Dr. Vega's SUMF.

not included as a defendant nor served with summons in the state court case.[7] He does not set forth any proposed statement of fact, properly supported by evidence on the record, showing that he was not named in the state court complaint or that the state court complaint fails to assert any claims against him. Instead, in support of his request for summary judgment, Dr. Vega only submits an unsworn statement under penalty of perjury attesting that he was never served with summons in the state court case.[8] **ECF No. 26-1**.

In opposition, plaintiffs argue that Dr. Vega was included as an unknown defendant in the complaint and specific allegations were included properly identifying Dr. Vega. **ECF No. 39-1** at 4. Plaintiffs, however, failed to submit documentary evidence, *i.e.,* the state court case complaint, to support their denial, showing that they indeed asserted causes of action against Dr. Vega and tolled the statute of limitations.

The parties' filings, without question, leave a lot to be desired. As a result, the Court is left with deficient filings and a very limited record. Even so, as noted above, it is black letter law that once a defendant raises prescription as an affirmative defense, the burden of proving that

---

[7] Although Dr. Vega mentions in passing the Puerto Rico Supreme Court's holding in *Fraguada-Bonilla*, presumably in support of the proposition that the statute of limitations must be independently tolled as to each joint tortfeasor, he does not provide any developed factual argumentation on this point.

[8] The Court acknowledges that under Puerto Rico law, one of the options available for tolling a "statute of limitations is by instituting judicial proceedings", and "[t]he tolling takes effect by the mere filing of the complaint - without regard to service of process or the fact that the court may eventually be found to lack jurisdiction - and lasts until the judicial proceedings have finally concluded." *Bibiloni del Valle v. Puerto Rico*, Civil No. 07-1362, 2008 U.S. Dist. LEXIS 62344, *14-15 (D.P.R. Aug. 14, 2008) (collecting cases). While plaintiffs say Dr. Vega was included in the complaint filed in state court, there is no evidence in the record that the state court complaint included allegations against Dr. Vega, even as an unknown defendant, stemming from the same set of facts and seeking the relief also sought in the instant case, sufficient to toll the statute of limitations against him.

the limitations period was interrupted shifts to the plaintiff. *Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009); *Tokyo Marine*, 142 F.3d at 4; *Cádiz-Sánchez v. Hosp. Hima San Pablo De Caguas, Inc.*, 2017 U.S. Dist. LEXIS 115397, *4. In the summary judgment context, on issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir. 1991). Consequently, herein plaintiffs bear the burden of supporting their claim that the statute of limitations was tolled, and they have failed to do so. *See Griselle-Rolón Cortés v. P.R. Highway & Transp. Auth.*, 2006 U.S. Dist. LEXIS 98604, *31-32 (citations omitted) ("In a summary judgment context, it was similarly held plaintiffs have the burden to support their claim that the statute was tolled and their failure to introduce into the record the letters upon which they based that claim was fatal to the claim."); *Amézquita v. Rivera-Cruz*, 2020 U.S. Dist. LEXIS 131501, *35 (holding that "even though Plaintiff is the non-movant summary judgment party, he carries the burden of proving that his claims are timely, *Tokyo Marine*, 142 F.3d at 4, because the defense was raised and since the present action was brought more than a year after the decedent's death.") Plaintiffs' failure to submit competent evidence showing that the one-year statute of limitations was tolled as to Dr. Vega via the filing of the state court complaint is fatal to their case against him in this forum. Absent such evidence, their federal claims, filed over a year after the minor's death, are time-barred.

Accordingly, Dr. Vega's request for summary judgment is **GRANTED**.

## V. Conclusion

Based on the above, Dr. Vega's motion for summary judgment is **GRANTED**. **ECF Nos. 25, 26**. Plaintiffs' claims against Dr. Vega are **DISMISSED with prejudice**. The Clerk of the Court shall enter partial judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2021.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**