THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NEYZA CRUZ-CEDENO, *et. al.*

      **Plaintiffs,**

      **v.**

                          **Civil No. 19-1477 (ADC)**

HIMA SAN PABLO BAYAMON, *et al.,*

      **Defendants.**

## OPINION AND ORDER

The Court granted Dr. Fernando Vega-Moral's ("Dr. Vega") motion for summary judgment (**ECF No. 25**) on March 31, 2021. **ECF No. 46**.[1] The Court then entered partial judgment dismissing all claims against Dr. Vega. **ECF No. 47**. The plaintiffs in this case subsequently moved for reconsideration. **ECF No. 48**. For the following reasons, plaintiffs' motion for reconsideration is **DENIED**.

### I. Legal Standard

A party may seek to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure so long as the motion is filed "no later than 28 days after the entry of the judgment." Fed.R.Civ.P.59(e).  The rule, however, "does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court." *Ira Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 27 (1st Cir.2014). The First Circuit has held that Rule 59(e) motions are granted only "when the original judgment evidenced a manifest error of law, if there

---

[1] The facts detailed in that Opinion and Order are incorporated here by reference.

is newly discovered evidence, or in certain other narrow situations." *Ocasio-Hernández v. Fortuño-Burset*, 777 F.3d 1, 9 (1st Cir.2015) (*citing Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir.2014)). Notwithstanding, the court's "discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed sparingly." *Ira Green, Inc.*, 775 F.3d at 27 (*citing Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir.2006)).

"Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30. Also, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 208 (1st Cir.2015) (*citing Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir.2005); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997)).

## II. Discussion

In his motion for summary judgment, Dr. Vega argued that all claims against him were time-barred because plaintiffs never tolled the statute of limitations as to him. **ECF No. 25.** Plaintiffs did not meet their burden in proving that their claims against Dr. Vega were not time-barred. **ECF No. 39**. The Court thus held:

The parties' filings, without question, leave a lot to be desired. As a result, the Court is left with deficient filings and a very limited record. Even so, as noted above, it is black letter law that once a defendant raises prescription as an affirmative defense, the burden of proving that the limitations period was interrupted shifts to the plaintiff. *Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009); *Tokyo Marine*, 142 F.3d at 4; *Cádiz-Sánchez v. Hosp. Hima San Pablo De Caguas, Inc.*, 2017 U.S. Dist. LEXIS 115397, *4. In the summary judgment context, on issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir. 1991). Consequently, herein plaintiffs bear the burden of supporting their claim that the statute of limitations was tolled, and they have failed to do so. *See Griselle-Rolón Cortés v. P.R. Highway & Transp. Auth.*, 2006 U.S. Dist. LEXIS 98604, *31-32 (citations omitted) ("In a summary judgment context, it was similarly held plaintiffs have the burden to support their claim that the statute was tolled and their failure to introduce into the record the letters upon which they based that claim was fatal to the claim."); *Amézquita v. Rivera-Cruz*, 2020 U.S. Dist. LEXIS 131501, *35 (holding that "even though Plaintiff is the non-movant summary judgment party, he carries the burden of proving that his claims are timely, *Tokyo Marine*, 142 F.3d at 4, because the defense was raised and since the present action was brought more than a year after the decedent's death.") Plaintiffs' failure to submit competent evidence showing that the one-year statute of limitations was tolled as to Dr. Vega via the filing of the state court complaint is fatal to their case against him in this forum. Absent such evidence, their federal claims, filed over a year after the minor's death, are time-barred.

**ECF No. 46** at 8-9.

Now, plaintiffs move for reconsideration by presenting a series of distinct arguments, which the Court will address in turn.

**First**, they argue that the burden never shifted to them to prove that they had tolled the statute of limitations as to Dr. Vega. **ECF No. 48**. This incorrect argument is belied by the holdings in *Rodríguez v. Suzuki Motor Corp., Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., Cádiz-Sánchez v. Hosp. Hima San Pablo De Caguas, Inc., Mesnick v. General Electric Co.,*

*Griselle-Rolón Cortés v. P.R. Highway & Transp. Auth.*, and *Amézquita v. Rivera-Cruz.*[2] The Court

discussed these cases in its Opinion and Order granting Dr. Vega's motion for summary

judgment. **ECF No. 46** at 8-9. Plaintiffs have neither pointed to any authority nor argued that

the Court's reliance in these cases was misguided or otherwise a "manifest error of law."

*Fortuño-Burset*, 777 F.3d at 9. Reconsideration is accordingly, on this front, denied.

**Second**, plaintiffs argue that their motion for reconsideration should be granted to

prevent manifest injustice. **ECF No. 48**. However, the standard for "manifest injustice" is

"difficult to achieve" and "requires a definite and firm conviction that a prior ruling on a

material matter is unreasonable or obviously wrong." *United States v. Carta*, 690 F.3d 1, 5 (1st

Cir. 2012). It is not met anytime a court made "an arguably erroneous ruling." *Ellis v. United

States*, 313 F.3d 636, 648 (1st Cir. 2002). Plaintiffs, however, come nowhere close to reaching this

high standard – they only raise erroneous arguments, *see supra*, and ones that should have been

raised before judgment was entered (as will be discussed next). Reconsideration to prevent a

manifest injustice is therefore denied.

**Third**, plaintiffs argue that the Court should reconsider because Dr. Vega and

codefendant Hima San Pablo Bayamón shared perfect solidarity. **ECF No. 48.** However, a

careful reading of the record shows that plaintiffs did not raise this argument in response to Dr.

Vegas motion for summary judgment, or at any time before judgment was entered. **ECF No. 39**.

---

[2] *See* 570 F.3d 402, 406 (1st Cir. 2009); 142 F.3d 1, 4 (1st Cir. 1998); 2017 U.S. Dist. LEXIS 115397, *4; 950 F.2d 816, 822 (1st Cir. 1991); 2006 U.S. Dist. LEXIS 98604, *31-32; 2020 U.S. Dist. LEXIS 131501, *35.

Indeed, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Quality Cleaning Products R.C., Inc., LLC*, 794 F.3d at 208. Thus, reconsideration is denied as to this argument, too.

**Fourth**, plaintiffs argue that the Court should reconsider because Dr. Vega allegedly waived the affirmative defense that the statute of limitations had expired. **ECF No. 48**. However, Dr. Vega included the same in the affirmative defenses section of his answer (**ECF No. 16** at 6), albeit poorly written and with shoddy grammar. To boot, even if this argument was meritorious, plaintiffs did not raise it at the appropriate time. *See Quality Cleaning Products R.C., Inc., LLC*, 794 F.3d at 208.

**Finally**, plaintiffs argue that reconsideration should be granted under the doctrine of excusable neglect. **ECF No. 48**. The application of this doctrine is governed by Rule 60(b) of the Federal Rules of Civil Procedure, and requires, at a bare minimum, a convincing explanation as to why the neglect was excusable. *Cintrón-Lorenzo v. Dept. de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002). The plaintiffs explained, in a nutshell, that they did not satisfy their burden of production in response to Dr. Vega's summary judgment challenge to the timeliness of their suit because they did not think they had to. **ECF No. 48**. This explanation is found wanting and well short of convincing. Accepting that explanation now would mean having to excuse virtually any and all omissions or procedural errors committed by a party. As such, Reconsideration is denied on this front, as well.

In the end, **ALL** of plaintiffs' arguments for reconsideration are rejected and their motion

for reconsideration (**ECF No. 48**) is accordingly **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of February, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
