IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NEYZA CRUZ CEDEÑO, et al.,

Plaintiffs,

v.

CIVIL NO. 19-1477 (CVR)

HIMA SAN PABLO BAYAMÓN, et al.,

Defendants.

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises out of treatment rendered to minor Isaí Vázquez Cruz ("Isaí" or "the minor") at co-Defendant Centro Médico del Turabo, d/b/a/ HIMA San Pablo Hospital ("defendant" or "HIMA"). Upon falling ill on the early morning of October 25, 2016, Isaí was taken to the Vega Alta CDT by his parents, and approximately an hour and a half later was transferred to HIMA. After being treated at HIMA, he was transferred to Hospital Pediátrico Universitario where he ultimately passed away that same day. Plaintiffs in this case are Isaí's family, Neyza Cruz Cedeño (mother), Savier Vázquez Oyola (father), Naida Cedeño Maldonado (aunt) and Abner Cruz Cedeño (uncle). Plaintiffs aver that the treatment Isaí received at HIMA by its staff was negligent, and that the acts, errors and omissions of the treatment provided caused and/or contributed to the minor's deterioration and ultimate demise. Plaintiffs bring forth causes of action for medical malpractice and vicarious liability under Puerto Rico Civil Code Articles 1802 and 1803 against a variety of institutions and medical practitioners.[1] For purposes of this motion,

---

[1] The Puerto Rico Civil Code was amended in 2020. This case arose when the old Code was still in effect. For this reason, the Court analyzes the issues in this case under the provisions of the old Code. See P.R. Laws Ann., tit. 31 §11720.

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 2 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 2
_____

the only relevant additional Defendant is Dr. Fernando Vega ("Dr. Vega"), who treated Isaí at HIMA. On March 31, 2021, the Court dismissed the malpractice claims under Article 1802 brought against Dr. Vega as time barred. (Docket No. 46).

Before the Court now is HIMA's motion seeking summary disposition of this case under three separate grounds. (Docket No. 74). First, since the claims against Dr. Vega were dismissed, HIMA cannot be held liable for Dr. Vega's actions based on recent Puerto Rico Supreme Court's caselaw. Second, there is no evidence to sustain negligence claims against HIMA's nursing staff and respiratory technicians. Third, Plaintiffs lack evidence to show HIMA violated EMTALA.

Plaintiffs oppose the summary judgment request arguing that Puerto Rico's caselaw specifically addresses the issues in the case at bar, and HIMA must respond for Dr. Vega's negligence even though the claims against him were dismissed. Plaintiffs deny bringing claims against HIMA for the actions of its staff and under EMTALA. As a corollary to Plaintiffs' opposition, they proffer that, pursuant to the Local Rules, HIMA's failure to attached certified translations of the opinions it cites to in its motion is reason alone to deny its motion. (Docket No. 88).

Also before the Court are HIMA's reply to Plaintiffs' opposition (Docket No. 93) and Plaintiffs sur-reply thereto. (Docket No. 97).

For the reasons explained below, HIMA's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

## STANDARD

Summary judgment is appropriate if "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

Case 3:19-cv-01477-CVR    Document 102    Filed 12/07/22    Page 3 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 3
_____

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (a) and (c). Pursuant to the explicit language of the rule, the moving party must establish this two-fold element. Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must then "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 4 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 4
_____

facts." Loc. Rule 56 (c).   If they so wish, they may submit a separate statement of facts which they believe are in controversy.

Time and again, the First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012).   Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not-genuinely controverted.'" Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)).   Facts which are properly supported "shall be deemed admitted unless properly controverted" and the Court is free to ignore such facts that are not properly supported. Loc. Rule 56(e); Rodríguez-Severino v. UTC Aerospace Sys., No. 20-1901, 2022 WL 15234457, at *5 (1st Cir. Oct. 27, 2022).

## UNCONTESTED FACTS

HIMA submitted a number of uncontested facts in support of its motion for summary judgment.  Given Plaintiffs' acquiescence that there were no EMTALA and negligence claims brought against HIMA's personnel in general (and also Plaintiffs' waiver of said claims as will be discussed below), the Court only admitted the facts relevant to the remaining claim in this case related to HIMA's liability for Dr. Vega's actions under Article 1803.

1. During the early dawn of October 25, 2016, Isaí was sleeping and felt ill.  His parents took him to the Toa Alta CTD.  D. Exhibit 1, p. 27, Exhibit 2, p. 1.

2. The Toa Alta CDT medical record confirms that at approximately 4:25 a.m., Dr. Cintrón spoke with Dr. Vega of HIMA, who accepted the transfer of the

    patient. D. Exhibit 2, p. 7.

3. According to HIMA's medical records, Isaí arrived via ambulance at the HIMA's emergency room later in the morning of October 25, 2016. Dr. Vega is identified as his attending physician. D. Exhibit 5, p. 2.

4. At the time of the incident, Dr. Vega had privileges to work at HIMA and to attend to patients at HIMA's emergency room. Docket No. 1, ¶ 9, Docket No. 16, ¶ 9 and Docket No. 17, ¶ 4.

5. On March 31, 2021, the claims against Dr. Vega were dismissed as time barred. Docket Nos. 46 and 47.

## LEGAL ANALYSIS

### I. Claims for Dr. Vega's alleged negligence.

In HIMA's request for dismissal of the sole claim for Dr. Vega's alleged negligence, Defendant HIMA posits that, pursuant to the Puerto Rico Supreme Court cases of Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365 (2012), Maldonado Rivera v. Suarez, 195 D.P.R. 182 (2016), and Peréz-Hernández v. Lares Medical Center, Inc., 207 D.P.R. 965 (2021), HIMA's obligation to respond for Dr. Vega's alleged negligence disappeared when the Court dismissed Dr. Vega's claims under Article 1802 as time-barred. Therefore, since no viable claim remains alive against Dr. Vega, Plaintiffs lack the right to demand liability from HIMA for his actions.

In turn, Plaintiffs argue that HIMA is vicariously liable because when Plaintiffs came to HIMA seeking emergency treatment for the decedent minor, HIMA assigned Dr. Vega to provide them with emergency medical treatment. Since Dr. Vega is considered HIMA's employee for purposes of this case, perfect solidarity between them exists.

Plaintiffs therefore proffer that the recent holding of Lares Medical Center controls, which dictates that when perfect solidarity exists, the timely filing of the Complaint against HIMA also interrupts the prescriptive term against all tortfeasors, Dr. Vega in this case, and HIMA is therefore directly and vicariously liable for Dr. Vega's acts and/or omissions in this case. Lares Medical Center further holds that in the event HIMA is found liable, it must pay Plaintiffs the complete amount of the award (in other words, without a deduction for Dr. Vega's negligence) and would eventually have a right of recourse against Dr. Vega for any amounts paid in excess of its direct responsibility.[2] Accordingly, Plaintiffs argue HIMA's Motion for Summary Judgment should be denied. They further proffer that HIMA failed to file certified translations of the opinions it cites, and this alone merits denial of its motion.

HIMA admits in its reply that "different rules govern when alleged tortfeasors and in an employer-employee relationship i.e. perfect solidarity"[3], but posits instead that no perfect solidarity was alleged in the complaint, and because the claims against Dr. Vega were dismissed for failure to individually interrupt the prescriptive period (as called for in imperfect solidarity under Fraguada), that is the law of the case now and Dr. Vega and HIMA's solidarity must now be considered imperfect. HIMA further argues that there is no perfect solidarity between the parties insofar as Dr. Vega is not HIMA's employee, but is rather employed by a third party, Red Médica del Turabo. Thus, HIMA cannot be

---

[2] The Court is well aware that the Hon. Aida M. Delgado Colón dismissed the claims against Dr. Vega precisely for failing to interrupt the prescriptive period against all tortfeasors individually, as originally called for in Fraguada. Lares Medical Center, which calls for the opposite conclusion as will be discussed more thoroughly below, was issued in August 2021, after the Court dismissed Dr. Vega's claims. The Lares holding regarding the tolling of the prescriptive period as to tortfeasors in perfect solidarity is therefore not applicable retroactively to Dr. Vega.

[3] Docket No. 93, p. 7.

responsible for Dr. Vega's actions, and under Maldonado, submits Dr. Vega's responsibility must be deducted from the total amount that might be eventually awarded to Plaintiffs. As to the translations, HIMA argues that most of the cases are commonly cited in this district and are therefore well known, and in any event, HIMA submitted the translations with its reply.

Plaintiffs' surreply proffers that the Complaint was clear in its allegations of perfect solidarity when it alleged that HIMA employed or granted privileges to Dr. Vega, and particularly given the fact that Dr. Vega accepted the minor's transfer at HIMA and was at all times his lead physician. They also submit that the recent case of Aleicha Cruz Flores v. Hospital Ryder Memorial, Inc., Civil No. CC-2019-445, 2022 WL 4236986 (P.R. Sept 2, 2022), held that that hospitals are vicariously liable for non-employee physicians who enjoy privileges at a hospital. This holding, they argue, makes HIMA vicariously liable for Dr. Vega's actions irrespective of his status as an HIMA employee because HIMA admitted it granted such privileges to Dr. Vega.

### A. Applicable law.

As an initial matter, the Court DENIES Plaintiffs' request to deny HIMA's motion based solely on the lack of certified translations. Both Plaintiffs and HIMA have remedied the situation by filing certified translations of the corresponding opinions. The Court prefers to rule on the merits of each case rather than on technicalities if there is an easy resolution to the matter, as in the present case.

The issue in this case at this juncture hinges on a determination of the type of relationship between HIMA and Dr. Vega. The Court first briefly examines the relevant caselaw to make this determination.

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 8 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 8
_____

In Fraguada, 186 D.P.R. 365, the Supreme Court held that the plaintiff's lawsuit against a doctor was untimely insofar as the plaintiff filed the claim against him six (6) years after the case began. The Court at that time distinguished between perfect and imperfect solidarity, finding that perfect solidarity existed "between various persons united by a common interest, who have frequent relationships or know each other", whereas imperfect solidarity existed between "people who do not know each other, who are only accidental co-tortfeasors or when they have sporadic relationships". Id., at 380. Thus, when there is imperfect solidarity between multiple tortfeasors, a plaintiff must toll the statute of limitations individually as to each defendant within the one-year statute of limitations. This holding changed the longstanding norm that tolling against one tortfeasor worked against all of them, as originally stated in Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992).

Maldonado, 195 D.P.R. 182, further developed this issue, yet in the context of third-party claims for damages relating to tortfeasors in imperfect solidarity. The issues in Maldonado were whether a third-party claim could be brought against a time-barred tortfeasor, and whether a subsequent action to recoup or of contribution (so called "nivelación" under Puerto Rico law) could be brought under the same circumstances. The answer to both questions was no. As to the first issue, the Supreme Court held that, if the statute of limitations has run on a plaintiff's claim for damages against an absent tortfeasor, other co-defendants who were timely sued could not bring third-party claims against that absent tortfeasor. As to payment, if the plaintiff ultimately prevailed, he/she could recover the whole amount from all timely brought defendants and the percentage of liability attributable to the absent party would be deducted from the total compensation

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 9 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 9
_____

awarded, as a type of sanction for failing to timely file the claim against the absent tortfeasor. In other words, a plaintiff can recover the whole amount minus the portion belonging to the time-barred, absent party. As to the subsequent action for contribution, the Court reasoned that it could not go forward either, as it was contingent on the primary cause of action. Therefore, if the third-party complaint is time-barred, the subsequent action for contribution likewise cannot succeed.

Lares Medical Center, 207 D.P.R. 965, involved a slightly different issue, to wit, the rules that govern when an employer-employee relationship exists among the alleged tortfeasors. The Puerto Rico Supreme Court held that there is perfect solidarity between joint tortfeasors who operate under an employer-employee relationship because that relationship is "about a liability imposed on the principal based on the relationship he has with the tortfeasor of the damage". Id., at 984. This is the nexus that binds tortfeasors with common interests and who have frequent relationships that Fraguada referred to. The Court further held that by virtue of the employer-employee relationship between the parties, imperfect solidarity was inapplicable to Article 1803 vicarious liability claims, and therefore, the reduction in compensation espoused in Maldonado was equally inapplicable. When perfect solidarity exists amongst joint tortfeasors, interruption against one party interrupts against all, and a plaintiff may choose to sue (a) the employer individually; (b) the physician-employee individually; or (c) both the employer and the physician-employee. A plaintiff may recover the entire damages amount from any tortfeasor, regardless of whether he sued absent tortfeasors within the applicable statute of limitations, and may also subsequently seek contribution from the absent parties in a

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 10 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 10
_____

separate, subsequent action because interruption of the period against one tortfeasor works against all.

Lastly, barely three months ago the Puerto Rico Supreme Court issued its ruling in Cruz Flores, Civil No. CC-2019-445, 2022 WL 4236986 (P.R. Sept 2, 2022), where the issue presented was "if a specific hospital was negligent by not adequately supervising the clearly negligent acts of a physician to whom they granted the privilege of using their facilities to treat his private patients. We answer this question in the affirmative manner. This way, we conclude that the hospital was negligent by not taking the necessary precautionary measures that they should have reasonably taken." Id., at *1. Thus, Cruz Flores holds that a hospital is liable for the negligent actions of a physician that holds privileges at that hospital, irrespective of whether or not he is a hospital employee.

### B. Dr. Vega's relationship with HIMA.

Having summarized the relevant caselaw, the Court turns to analyze Dr. Vega's relationship with HIMA. Defendant HIMA argues that Dr. Vega was not an employee and thus, there is imperfect solidarity. HIMA contends that, because the claims against Dr. Vega were dismissed, the cause of action against HIMA disappears, Maldonado kicks in and Dr. Vega's responsibility must ultimately be deducted from the total amount that might be eventually awarded to Plaintiffs from the remaining parties in the case.

Plaintiffs argue that there is perfect solidarity and further, that under the Cruz Flores' directive, HIMA is nevertheless liable for Dr. Vega's negligent actions regardless of whether or not he was an employee.

The Court agrees with Plaintiffs, and finds the relationship between Dr. Vega and HIMA to be one of perfect solidarity. It also finds that regardless of Dr. Vega's status as

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 11 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 11
_____

an HIMA employee, the holding in Cruz Flores is binding and HIMA must respond vicariously for Dr. Vega's actions.

It is undisputed that Isaí was transferred from the Toa Alta CDT to HIMA on October 25th, 2016, where Dr. Vega had privileges to attend to patients at the emergency room. Dr. Vega, on behalf of HIMA, accepted the transfer of Isaí from the Toa Alta CDT. Isaí arrived via ambulance at HIMA's emergency room on October 25, 2016, and the record indicates that at all times, Dr. Vega was the attending physician for the minor. As Plaintiff candidly argues, these facts demonstrate that both parties were united by the "common interest" of providing medical attention and treatment to the deceased minor or at least, had a frequent relationship or knew each other because HIMA had granted privileges to Dr. Vega. These are the elements that Fraguada calls for as existing between parties in perfect solidarity.

Citing to Maldonado, HIMA argues the claims against HIMA cannot stand because the main action against Dr. Vega no longer exists. HIMA, however, *was* timely brought as a defendant into this case and Lares Medical Center makes clear that a separate claim can be brought against HIMA for vicarious liability under Article 1803. The difference between this case and Maldonado is that in the case at bar, the claims were timely brought against HIMA under two separate Articles, 1802 and 1803, whereas the parties in Maldonado were untimely brought in as a third-party defendants in a contingent contribution claim. Maldonado explicitly explained that in the third-party complaint context, a contribution claim could not go forward insofar as it was accessory to the main, time-barred negligence claim. Lares Medical Center went further, and held that a *separate* claim for vicarious liability under 1803 may proceed against a timely sued

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 12 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 12
_____

Defendant because it is not an accessory claim as in Maldonado. In the case at bar, Plaintiffs filed such a claim against HIMA, to respond vicariously for the actions of Dr. Vega.

Applying the Lares Medical Center holding to the present case then, even though the negligence claims against Dr. Vega were dismissed as untimely, Plaintiffs have filed a separate, non-accessory claim against HIMA for vicarious liability under 1803, which under the present caselaw, must move forward. The Maldonado holding is inapplicable because the relationship is one of perfect solidarity.

As for HIMA's argument as to the law of the case, that the Court already found the relationship between HIMA and Dr. Vega to be one of imperfect solidarity when it dismissed the claims against Dr. Vega as time-barred, the Court finds it inapposite.

The law of the case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382 (1983). A court should apply the doctrine according to its tenor, except in the absence of exceptional circumstances. Morgan v. Burke, 926 F.2d 86, 91 (1st Cir.1991); United States v. Matthews, 643 F.3d 9, 14 (1st Cir. 2011) ("The law of the case doctrine is not a 'straitjacket for a court' "). One of those exceptional circumstances is when there is a material change in controlling legal authority. Id., at 14; Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 53 (1st Cir. 2009).

The Court's Opinion and Order dismissing Dr. Vega's claims as time-barred is dated March 31, 2021. It mentioned nothing about perfect or imperfect solidarity, and only cited to the existing case of Fraguada, which dealt only with imperfect solidarity. The

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 13 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 13
_____

Lares Medical Center case, which explicitly took this matter up for the first time, was not published until August 2021 and stated that "[t]he instant case allows us to elaborate on the improper solidarity doctrine adopted in Fraguada Bonilla v. Hosp. Aux. Mutuo, *infra*, and reiterated in Maldonado Rivera v. Suárez et als, *infra*, now for the first time in the context of an employee-employer relationship." Lares Medical Center, 207 D.RP.R. at 971.  Therefore, the issue of perfect solidarity in the context of employee-employer cases was not decided until *after* this Court issued its Opinion dismissing Dr. Vega's claims.  For this reason, under the facts before the Court today and the law as it currently stands, although the 1802 claims were dismissed, the Article 1803 claims against HIMA were timely filed, and HIMA must therefore respond vicariously for Dr. Vega's negligence.

Finally, and to the extent HIMA relies on the rulings of this Court in Calderón-Amézquita v. Rivera-Cruz, Civil No. 17-2197, the same are unavailing.  The matter before the Court in Calderon-Amézquita was precisely the unclear relationship between the hospital and the dismissed defendants.  The nature of that relationship was not evident on the record, so the presiding Judge left the matter open for the parties to submit evidence thereof during the trial. ("For the foregoing reasons, the Court finds that the nature of Defendant's relationship with the Dismissed Parties is unresolved, relevant, and, at this juncture, a question for trial." Civil No. 17-2197, Docket No. 728, p. 6).  The Calderón-Amézquita Court therefore made no final determination as to this matter.  The same cannot be said for this case, where there is clear evidence on the record at the summary judgment stage as to the nature of the relationship between HIMA and Dr. Vega.

For the aforementioned reasons, the Court finds that the relationship between HIMA and Dr. Vega is that of employer-employee. Therefore, there is perfect solidarity

Case 3:19-cv-01477-CVR   Document 102   Filed 12/07/22   Page 14 of 15

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 14
_____

between the parties, and the holdings of Lares Medical Center and Cruz Flores are controlling. Although the Court already dismissed the claims under Article 1802 against Dr. Vega before the Puerto Rico Supreme Court cases were issued and thus are not retroactively applicable, Plaintiffs' claim against HIMA under Article 1803 for vicarious liability for Dr. Vega's actions was timely filed and the Court therefore declines to dismiss it. In the event that HIMA is found liable, HIMA may later exercise its right of contribution through a separate action against Dr. Vega for the amount corresponding to his responsibility.

## II.     Claims against HIMA's staff and under EMTALA.

In addition to the main claims regarding HIMA's liability for Dr. Vega's actions, HIMA's motion also alleged that Plaintiffs lack evidence regarding negligence by HIMA's nursing staff and respiratory technicians, and lack evidence as to an EMTALA violation. Plaintiffs assert in their opposition thereto that "[i]n the Motion for Summary Judgment, HIMA also argues that dismissal of the Complaint is proper because 'Plaintiffs lack evidence to establish that HIMA's nursing staff and respiratory technicians were negligent' and 'Plaintiffs lack evidence to establish that HIMA failed to comply with EMTALA' . See Docket No. 74, p. 14 and 15. Both of these two arguments are improper because no EMTALA claim has been made in this case and no allegations are made in the Complaint about purported negligence by HIMA's nursing personnel or respiratory technicians. Therefore, these arguments are not addressed in this motion as they lack merit." (Docket No. 88, fn. 1).

HIMA counters that Plaintiffs' Complaint did indeed assert some general claims against HIMA's staff and pursuant to EMTALA, but since Plaintiffs have admitted that

this is not the case, it urges the Court to dismiss these claims. The Court agrees with Defendant HIMA as to this matter. Consequently, any claims for negligent treatment rendered by HIMA nursing personnel or respiratory technicians and any claims brought pursuant to EMTALA are hereby DISMISSED.[4]

## CONCLUSION

For the above-mentioned reasons, Defendant HIMA's "Motion for Summary Judgment" is GRANTED IN PART AND DENIED IN PART. (Docket No. 74). The Court DISMISSES all claims against HIMA's nursing and respiratory staff, as well as any EMTALA claims against HIMA. The Article 1803 claims against HIMA for Dr. Vega's actions remain.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 7th day of December 2022.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court would have also dismissed these claims given Plaintiffs' failure to offer any real argument in opposition to HIMA's contentions. See United States v. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (Arguments raised in a "perfunctory manner . . . are deemed waived.").