IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NEYZA CRUZ CEDEÑO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HIMA SAN PABLO BAYAMÓN, et al., <br><br> Defendants. | CIVIL NO. 19-1477 (CVR) |

**OPINION AND ORDER**

On December 7, 2022, the Court denied HIMA's Motion for Summary Judgment. (Docket No. 102). Before the Court now is HIMA's "Motion for Reconsideration of Opinion and Order entered at D.E. 102" basically rehashing all the arguments it initially raised in its Motion for Summary Judgment, which the Court already considered and rejected. (Docket No. 103). This may be the reason why Plaintiffs chose not to file an opposition to HIMA's request.

It has been decided time and again that a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Standard Química De Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, n.4 (D.P.R. 1999); Villanueva-Méndez v. Nieves Vázquez, 360 F.Supp.2d 320, 322-23 (D.P.R. 2005). "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits … [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc., 322 F.R.D. 439, 441 (D.P.R. 2017).

Case 3:19-cv-01477-CVR   Document 104   Filed 01/19/23   Page 2 of 2

Neyza Cruz Cedeño, et al, v. HIMA San Pablo, et al.
Opinion and Order
Civil 19-1477 (CVR)
Page 2
_____

HIMA avers that the Court's finding that the relationship between HIMA and Dr. Vega was one of employee-employer, and therefore of perfect solidarity, is erroneous given the Court's analysis and previous findings at its Opinion and Order at Docket No. 46. Regardless of Dr. Vega's employment status with HIMA, the newly minted case of Cruz Flores v. Hosp. Ryder Mem'l Inc., 2022 TSPR 112 clearly holds that a hospital is liable for the negligent actions of a physician that holds privileges at that hospital and need not be an actual employee of the hospital. The end result of applying this holding to the present case is the same as if the parties had an employer-employee relationship, to wit, that HIMA could be held liable under Article 1803 because Dr. Vega held privileges at HIMA. HIMA's argument that Cruz Flores is distinguishable from this case because it did not involve time-barred claims is unconvincing. At this juncture, Cruz Flores is binding and HIMA may respond vicariously for Dr. Vega's actions under Article 1803 of the Puerto Rico Civil Code, if found liable.

In sum, there is no reason for the Court to deviate from its prior ruling and it stands by its reasoning in the Opinion and Order regarding this issue and finds it addressed all pertinent matters raised by the parties. (Docket No. 102).

Accordingly, HIMA's "Motion for Reconsideration of Opinion and Order entered at D.E. 102" is DENIED. (Docket No. 103).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 19th day of January 2023.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES DISTRICT JUDGE